[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE BY JOHN H. PARK
This is a four count revised complaint dated June 17, 1994 seeking damages allegedly arising from a bank's disclosure of Plaintiff's financial records in connection with litigation between the plaintiffs, Lorraine Hall and Margaret Foss and the defendant Kenneth W. Washburn.
It appears that plaintiffs had previously instituted a summary process action against Washburn who was occupying premises at 39 Old Country Highway, East Granby, and that Washburn subsequently instituted his own action claiming ownership of the premises under a constructive trust. In both actions, Washburn was represented by Attorney John H. Parks, a defendant in this action.
Plaintiffs claim in count one, which sounds in fraud, that when plaintiffs learned in the summary process action that Parks had their bank records, they caused a subpoena to be served on Parks to learn how he had obtained their bank records; that Parks responded to their subpoena by producing his subpoena dated October 15, 1992 and stated that no other subpoena had been issued; that in fact Parks had issued a second subpoena dated November 4, 1992; that this misrepresentation was made in order to induce the plaintiff not to sue Parks; and that as a result the plaintiffs suffered damages.
In count two characterized by plaintiffs as sounding in negligence, they allege that Parks issued the two subpoenas in violation of General Statutes § 36-9k, et seq. CT Page 261
On June 22, 1994 Parks moved to strike counts one and two on the basis of plaintiffs' lack of standing and the insufficiency of the causes of action instituted against him.
This motion was originally argued before this court on August 1, 1994, thereafter briefed, and a transcript of the hearing was furnished to this court on December 28, 1994.
Plaintiffs have furnished no Connecticut authority authorizing a claim for damages, sounding either in fraud or negligence, against an attorney representing an adverse party.
As a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services.Krawczyk v. Stingle, 208 Conn. 239, 244 (1988). Courts have refrained from imposing liability when such liability had the potential of interfering with the ethical obligations owed by an attorney to his client. Id. p. 246.
In this case, the basis of the fraud claim against Parks is contained in Paragraph 14 of the first count, namely "that Defendant-Parks assertion that he only issued one subpoena to Winsted Savings Bank was a false representation made as a statement of fact, it was untrue and known by Defendant Parks to be untrue and was made to induce the plaintiffs to rely upon said representation in not suing him and did initially induce the plaintiffs into not suing him.
An essential element of fraud is that the other party was induced by such misrepresentation to take some action to his detriment. Jacques v. Roy, 144 Conn. 737 (1956). The claimed detriment was a prior forbearance from institution of this action, which on its face is insufficient to constitute this required element.
With respect to count two, the allegation under General Statutes § 36-9k is insufficient since that statute is applicable to financial institutions and not to attorneys. Even if the allegations of this count were construed as alleging a cause of action in negligence, the allegations would be insufficient since no duty has been alleged or exists as between the plaintiffs and Parks on which a claim of negligence could be predicated. CT Page 262
Motion to Strike Counts One and Two Granted.
Wagner, J.